Filed 12/14/23  P. v. Dayco CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RENE FLORES DAYCO,<br><br>    Defendant and Appellant. | G062404<br><br>(Super. Ct. No. C-50216)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Rene Flores Dayco appeals the denial of his petition for resentencing. However, his appellate attorney was unable to find any arguable issues in the record, and we have not detected any either. We therefore affirm the trial court's order.

## BACKGROUND

In 1983, appellant was convicted of two counts of special circumstances murder for killing his ex-wife and mother-in-law with a meat clever. (Pen. Code, §§ 187, subd. (a), 190.2, subds. (a)(3) [multiple murder] & (a)(18) [torture].) The trial court sentenced him to life in prison without parole, and we affirmed the judgment on appeal. (*People v. Dayco* (Oct. 11, 1985, G001120) [nonpub. opn.].)

In 2022, appellant filed a petition for resentencing under Penal Code section 1172.6, formerly section 1170.95. Following a response by the People and a hearing at which appellant was represented by appointed counsel, the trial court denied the petition for failing to make a prima facie case.

In this appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. We informed appellant of his right to file a supplemental brief, however he declined to do so. Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.) But our examination has only confirmed appointed counsel's conclusion that there are no arguable issues and that appellant's petition was properly denied.

## DISCUSSION

To be eligible for resentencing, a defendant must have been convicted of murder under the felony murder rule, the natural and probable consequences doctrine or some other theory under which malice was imputed to him based solely on his participation in a crime. (Pen. Code, § 1172.6, subd. (a).) However, appellant was convicted of murder for personally killing his victims. In fact, the jury found he intentionally tortured both of his victims to death. Because the jury was not instructed on

any theory of imputed malice, he is ineligible for resentencing as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 542, 548; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)  Therefore, the trial court rightly denied his petition at the prima facie stage of the proceedings.  (*People v. Curiel* (Nov. 27, 2023, S272238) __ Cal.5th __ [2023 WL 8178140]; *People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 971.)  There is no arguable basis for disturbing that decision.

DISPOSTITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

3